## Commonwealth v. Morrell

*Theresa Ferris-Dukovich, assistant district attorney,* for the Commonwealth.
*Robert J. Donahue,* for defendant.

REED, *P.J.,* June 17, 1986—This case is before the court on a petition for a writ of habeas corpus

filed by defendant on the ground that the Commonwealth failed to establish a prima facie case at the preliminary hearing.

Defendant is charged under 18 Pa.C.S. §5902(a)(1), which provides:

"(a) Prostitution—A person is guilty of prostitution, a misdemeanor of the third degree, if he or she:

"(1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business. . . ."

Section 5902(f) contains a list of definitions:

"(f) Definitions—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

" 'House of Prostitution.' Any place where prostitution or promotion of prostitution is regularly carried on by one person under the control, management or supervision of another.

" 'Inmate.' A person who engages in prostitution in or through the agency of a house of prostitution.

• • •

" 'Sexual Activity.' Includes homosexual and other deviate sexual relations."

The Commonwealth in its criminal complaint had also charged defendant with promoting prostitution under 18 Pa.C.S. §5902(d), but that charge was withdrawn at the preliminary hearing.

Commonwealth and defendant agree that the principal legal issue in the case is whether there is in the record of the preliminary hearing sufficient evidence to establish a prima facie case of "Sexual Activity as a Business" as set forth in 18 Pa.C.S. §5902(a)(1). Defendant in her brief argues that "sexual activity" requires intercourse and, since none was observed, the charges must be dismissed. The Commonwealth argues that "sado-masochistic sexual stimulation" meets the sexual activity standard of §5902(a)(1). For reasons which follow we

hold that the Commonwealth has made out a prima facie case against defendant under the prostitution statute. Therefore, the petition must be dismissed.

The Pennsylvania Prostitution Statute was discussed at length in Commonwealth v. Potts, 314 Pa. Super. 256, 460 A.2d 1127 (1983). The case was cited at length in both briefs, and a review of it is a useful prelude to the analysis of the case at bar.

In Potts, defendant had asserted that section 5902(a)(1) was unconstitutionally vague and overbroad and, therefore, violated the due process of rights guaranteed by the Fifth and Fourteenth Amendments because the terms sexual activity and business are inadequately defined. After a lengthy discussion the court held that the statute was not unconstitutionally vague. At page 273 the court stated:

"[13] Suffice it to say that this court does not view the statute to be so amorphous that it has the traditional trappings of a vague statute which attempts to regulate sexual acts which result, for whatever motives, from ordinary social situations. Instead, this court sees it as providing an ascertainable standard of conduct directed at a defined evil (commercial exploitation of sexual gratification) and is not so vague as to inhibit the exercise of constitutionally protected freedoms so as to be overbroad."

The question in this case is whether sado-masochistic activity is to be included within the definitions of "sexual activity" under the statute. "Sexual activity" is defined as homosexual and other deviate sexual relations.

There are no cases discussing the type of activity present in this case. However, masochism is defined in Webster's as "abnormal sexual passion characterized by pleasure in being abused by one's associate." Sadism is likewise defined as the inflic-

tion of pain as a means of obtaining sexual release. It is obvious that sado-masochism is a type of sexual activity and, if engaged in as a business, is covered by the statute.

Defendant contends that some type of sexual intercourse must be proven before there is a violation of the statute. No appellate decision supports that position, and the language of the statute does not warrant that conclusion.

We agree with Judge Wieand, then of the Lehigh County Court of Common Pleas, which held in Commonwealth v. Israeloff, 8 D.&C.3d 5 (1978), that "sexual activity" does not require penetration or intercourse. To paraphrase that opinion, when the term sexual activity is examined in view of the statutory purpose of prohibiting commercial exploitation of sexual gratification, the conclusion is inescapable that sado-masochism as a business is proscribed by §5902 of the Crimes Code.

The next issue is whether the defendant was involved in the specified acts as a business. In Commonwealth v. Potts, supra, the court recited a standard definition of "business" from Black's Law Dictionary (Rev. 5th Ed. 1979) as follows:

"Employment, occupation, profession, or commercial activity engaged in for gain or livelihood. Activity or enterprise for gain, benefit. . . ."

The evidence in this case warrants the inference that defendant charged a fee for entrance to premises owned and occupied by her. It can also be inferred from the circumstantial evidence that she was participating in the sexual activities being conducted on the premises. A record of payment for persons on the premises was found as well as a check made out to defendant. There is a prima facie case that she was engaged in sexual activity for gain.

For the reasons set forth herein, we enter the following

ORDER

Now, this June 17, 1986, the petition of defendant for writ of habeas corpus is hereby denied.